UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| GREG GARTNER; GARTNER STUDIOS, INC.; and TYLINA FOOD SERVICES CORPORATION, | Case No. 13-CV-2352 (PJS/TNL) |
| Plaintiffs, | ORDER |
| v. | |
| NORTHERN CAPITAL INSURANCE GROUP and FEDERAL INSURANCE COMPANY, d/b/a Chubb, | |
| Defendants. | |

David L. Pardue, Ivan I. Mihailov, and Matthew D. Treco, KAUFMAN, MILLER & FORMAN, P.C.; Peter E. Lind, TEWKSBURY & KERFELD, for plaintiffs.

Britton D. Weimer, JONES SATRE & WEIMER PLLC, for defendant Northern Capital Insurance Group.

Katherine Hercher and Todd S. Schenk, TRESSLER, LLP; Brian A. Wood, LIND JENSEN SULLIVAN & PETERSON, P.A., for defendant Federal Insurance Company.

This is an insurance-coverage action brought by plaintiffs Greg Gartner, Gartner Studios, Inc. ("Gartner Studios"), and Tylina Food Services Corporation against defendants Northern Capital Insurance Group ("Northern Capital") and Federal Insurance Company ("Federal").

Plaintiffs were sued by Candy Craft Creations, LLC ("Candy Craft") in the United States District Court for the Southern District of Georgia. Compl. ¶ 26 [ECF No. 1-1]. Plaintiffs tendered the defense of that lawsuit through Northern Capital to Federal. *Id*. ¶ 57. Federal rejected the tender, asserting that, for a number of reasons, it has no obligation to defend or indemnify plaintiffs in connection with the Candy Craft litigation. *Id*. ¶¶ 60-61, 67. Plaintiffs filed this action in Minnesota state court to challenge Federal's decision. Federal removed,

asserting that this Court has jurisdiction over this action under 28 U.S.C. § 1332(a), even though one of the defendants (Northern Capital) is, like all three of the plaintiffs, a citizen of Minnesota. *See* ECF No. 1 at 2. Federal argues that Northern Capital was fraudulently joined to defeat federal jurisdiction and thus should be ignored in assessing whether diversity jurisdiction exists. *Id.*; *see generally Welk v. GMAC Mortg., LLC*, 850 F. Supp. 2d 976, 995-96 (D. Minn. 2012) (discussing the doctrine of fraudulent joinder). The parties appear to agree that *if* Northern Capital was fraudulently joined, the Court has diversity jurisdiction over this action, as all three plaintiffs are citizens of Minnesota, Federal is not a citizen of Minnesota, *see* Compl. ¶ 5, and the amount in controversy exceeds $75,000. But plaintiffs, of course, deny that Northern Capital was fraudulently joined.

To establish fraudulent joinder, Federal must establish that "'there exists no reasonable basis in fact and law supporting a claim against [Northern Capital].'" *Menz v. New Holland N. Am., Inc.*, 440 F.3d 1002, 1004 (8th Cir. 2006) (quoting *Filla v. Norfolk S. Ry. Co.*, 336 F.3d 806, 810 (8th Cir. 2003)). The joinder of a nondiverse defendant is not fraudulent where "'there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved.'" *Block v. Toyota Motor Corp.*, 665 F.3d 944, 948 (8th Cir. 2011) (quoting *Junk v. Terminix Int'l Co.*, 628 F.3d 439, 446 (8th Cir. 2010)). Courts may take a limited look at evidence outside of the pleadings in determining whether a party has been fraudulently joined. *See Masepohl v. Am. Tobacco Co.*, 974 F. Supp. 1245, 1250 (D. Minn. 1997). In this case, however, the parties restrict their analysis to the allegations made in the complaint. The Court will do likewise.

The complaint asserts absolutely no basis — much less a reasonable basis — for predicting that Northern Capital may be held liable to plaintiffs.  Indeed, Northern Capital is barely mentioned in the complaint.  This is a routine coverage dispute involving the scope of Federal's obligations under three insurance policies that Gartner Studios purchased from Federal — referred to by the complaint as the "Business Policy," the "D&O Policy," and the "Umbrella Policy."  Compl. ¶¶ 8, 13, 15.  The complaint contains six counts:  Count I alleges that Federal breached the Business Policy.  Count II alleges that Federal breached the D&O Policy.  Count III alleges that Federal breached the Umbrella Policy.  Count IV seeks a declaration that plaintiffs have coverage under the Business Policy issued by Federal.  Count V seeks a declaration that plaintiffs have coverage under the D&O Policy issued by Federal.  And Count VI seeks a declaration that plaintiffs have coverage under the Umbrella Policy issued by Federal.

Northern Capital is not mentioned in any of the six counts.  The complaint does not allege that Northern Capital is a party to any of the three policies, nor does the complaint allege that Northern Capital breached any duty to any plaintiff.  The complaint does not allege, for example, that Northern Capital misrepresented the scope of coverage under any policy,[1] or that Northern Capital failed to timely transmit notice of the Candy Craft lawsuit to Federal.  The only substantive allegation that the complaint makes against Northern Capital is that it sold the Business Policy to the plaintiffs.  Compl. ¶ 8.  (The complaint does not allege that Northern

---

[1] Plaintiffs assert in their brief that "[t]he insurance policy sold by Defendant Northern purported to provide certain coverage that [Federal] has denied." ECF No. 22 at 5. But this is not an allegation that Northern Capital promised that plaintiffs would receive coverage that was not then provided under the policies. To the contrary, it is an allegation that Federal has refused to honor coverage that *is* provided under the policies.

Capital sold the D&O Policy and says that Gartner Studios bought the Umbrella Policy "from the Defendants." Compl. ¶ 15.)

But that allegation provides no basis whatsoever for predicting that Northern Capital may be held liable to plaintiffs. The complaint is plainly incorrect in asserting that, "[p]ursuant to Minn. Stat. § 60K.49, Defendant Northern Capital is the agent of [Federal] . . . and is, therefore, liable for the wrongful actions of the insurer it represented." Compl. ¶ 9. Even assuming that Northern Capital is indeed the agent of Federal, nothing in § 60K.49 — nor in any other statute or judicial decision of which the Court is aware — suggests that an insurance agent can be held personally liable merely because it sold a policy that the insurer later breached. To the contrary, Minn. Stat. § 604.18, subd. 5 provides that an insurance agent is *not* liable "for errors, acts, or omissions attributed to the insurer" unless the agent "has caused or contributed to the error, act, or omission." The complaint does not even allege — much less provide a factual or legal basis to believe — that Northern Capital "caused or contributed to" any "error, act, or omission" committed by Federal. Put another way, the complaint provides no reason to predict that this action will have any impact on any legal interest of Northern Capital.

Because Federal has demonstrated that there exists no reasonable basis in fact or law supporting a claim against Northern Capital, the Court finds that Northern Capital was fraudulently joined and denies plaintiffs' motion to remand for lack of diversity jurisdiction.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED that plaintiffs' motion to remand [ECF Nos. 15 & 19] is DENIED.

Dated: January 2, 2014               s/Patrick J. Schiltz
                                     Patrick J. Schiltz
                                     United States District Judge